## ARMOUR FERTILIZER WORKS *v.* MANSFIELD, guardian.

Where a guardian invested her ward's money in a security deed, equity will not restrain her, on the petition of a judgment creditor of the grantor therein, from enforcing the security, upon the alleged ground that the guardian had no authority of law or order of court to purchase the security, and so obtained no title to it, and that the petitioner would not obtain a valid title by paying it off.

No. 5900. DECEMBER 17, 1927.

Equitable petition. Before Judge Custer. Calhoun superior court. February 7, 1927.

*E. L. Smith,* for plaintiff. *A. L. Miller,* for defendant.

BECK, P. J. Armour Fertilizer Works, a corporation, filed its equitable petition against Mrs. J. J. Mansfield as guardian of Leo Mansfield, and alleged that the defendant was advertising for sale a certain described tract of land under the power of sale contained in a security deed which C. C. Mansfield, the husband of the defendant, had executed in March, 1921, to the Bank of Edison. After the date of this security deed, petitioner, by the prosecution of attachment proceedings sued out against C. C. Mansfield on the ground that he was a fraudulent debtor, obtained judgment and had execution issued and levied upon the land in question. The security deed had been transferred, for value received, to the defendant by the bank, and as transferee she was proceeding to exercise the power contained in the deed. Part of the debt secured by the deed had been paid by C. C. Mansfield, but there was a balance remaining unpaid, the amount of balance not being stated. Mrs. Mansfield as guardian had the security deed in question transferred to her, but (as was alleged) "she obtained no valid title thereto, for the reason that she had no authority of law or order of any court to purchase the deed; and should plaintiff pay off the same, plaintiff would not obtain a good title thereto, as the guardian had no valid title thereto." The defendant claimed in her answer that the balance due on the indebtedness secured by the deed was $736.83. In an amendment to its petition the plaintiff alleged:

---

Guardian and Ward, 28 C. J. p. 1142, n. 17.

"Defendant has set up in her answer the credits paid upon the security deed, which amounts petitioner is not disposed at this time to dispute," etc. A general demurrer to the petition was sustained, and the plaintiff excepted.

The court did not err in sustaining the demurrer. Whether Mrs. Mansfield as guardian had an order of court authorizing her to make the investment or not, as a matter of fact she had invested her ward's money in the security deed; and having done so, equity will not restrain her from enforcing the security deed in order to protect the property of her ward. The question of the right of the guardian to make the investment would arise if there were loss to her ward because of such investment without authority, if it was without authority.

*Judgment affirmed. All the Justices concur.*